UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN MOORE, | Civil Action No. 19-15379 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| SCO JESSE COLON, et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff Brian Moore's filing of a civil rights action for damages against Defendants SCO Jesse Colon, SCO Carmen DeBari, SGT. John Pomponio, Sgt. J. Soto, Corrections Officer M. Hahn, Corrections Officer G. Santana, and Corrections Officer N. Stanicki[1] ("Defendants"), arising from an alleged assault that occurred at East Jersey State Prison on July 11, 2017. (*See* ECF No. 1, Complaint at 3, 7-8.)

This Court previously granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF No. 3.) Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court construes Plaintiff to raise civil rights claims pursuant to 42 U.S.C. § 1983.[2] (*See* ECF No. 1, Complaint at 2.) Specifically, the Complaint alleges that the individual

---

[1] The Court notes that Defendant N. Stanicki does not appear in caption. The Court will direct the Clerk of the Court to add this Defendant to the caption.

[2] The Court does not construe Plaintiff to raise any state law claims.

1

Defendants named in the Complaint used excessive force and/or failed intervene in the alleged assault in violation of the Eighth Amendment. The Complaint further asserts that the Defendants filed false disciplinary charges, and that Defendants Colon and DeBari gave false testimony against him at a disciplinary hearing. (*Id.* at 7-8.) This Court has screened the Complaint in this action for dismissal and has determined that dismissal of the entire Complaint is not warranted at this time.

To the extent Plaintiff seeks damages from Defendants in their official capacities, the Court dismisses such claims with prejudice, as "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Court will also dismiss without prejudice the claim for false disciplinary charges for failure to state a claim for relief because the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. *See Mimms v. U.N.I.C.O.R.*, 386 F. App'x. 32, 36 (3d Cir. 2010) (citing *Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002)); *Freeman v. Rideout*, 808 F.2d 949, 952–53 (2d Cir. 1986) (holding "mere filing of [a false] charge itself" does not constitute cognizable claim under § 1983 so long as inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"); *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) (finding that so long as prison officials provide prisoner with procedural requirements, then prisoner has not suffered constitutional violation); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974) (inmate is entitled to (1) written notice of charges and opportunity to marshal facts and prepare defense for appearance at disciplinary hearing; (2) written statement by fact finder as to evidence relied on and reasons for disciplinary action; and (3) opportunity to call witnesses and present documentary evidence in defense when to do so will

not be unduly hazardous to institutional safety or correctional goals). Here, Plaintiff has not alleged that he was not provided with these procedural protections at his disciplinary hearing. As such, the Court will dismiss without prejudice the claims of false disciplinary charges against all Defendants.

Plaintiff also alleges that Defendants Colon and DeBari testified falsely at the disciplinary hearing; however, a witness enjoys absolute immunity from damages under § 1983 for false testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 330–46 (1983) (officer testifying in criminal trial enjoys absolute witness immunity for false testimony); *Kulwicki v. Dawson*, 969 F.2d 1454, 1467 (3d Cir. 1992) (witness testifying in judicial proceeding is absolutely immune for false testimony); *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearing). As such, the Court will dismiss with prejudice the claim regarding false testimony as to Defendants Colon and DeBari.

The Court will proceed the remaining Eighth Amendment claims of excessive force and failure to intervene as to all Defendants in connection with the July 11, 2017 incident described in the Complaint. The Eighth Amendment to the U.S. Constitution, applicable to the states through the Fourteenth Amendment, prohibits punishments that are "cruel and unusual." An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component is contextual and responsive to " 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth

3

Amendment.'" *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). What is necessary to establish an unnecessary and wanton infliction of pain varies also according to the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. at 5. Where the claim is one of excessive use of force, the core inquiry as to the subjective component is that set out in *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (citation omitted): "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" (quoting *Hudson*, 503 U.S. at 6). In addition, "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 640 (3d Cir. 2002).[3] Having reviewed the allegations in the Complaint, the Court will

---

[3] Plaintiff also contends that the Defendants also "failed to protect [him.]" (ECF No. 1, Complaint at 8.) Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. *Farmer*, 511 U.S. at 832; *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992). Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners"[,] *Farmer*, 511 U.S. at 833 (1994) (internal quotations omitted), or prison officials. In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," *Farmer*, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety. *Id.* at 837. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985). "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm. *Farmer*, 511 U.S. at 834. Here, there are no allegations that any of the Defendants knew of and disregarded a substantial risk of harm to Plaintiff prior to the assault on July 11, 2017. Rather, the Complaint appears to assert that the alleged assault was a discrete incident and that Defendants used excessive force and/or failed to intervene in the assault. As such, the Court does not construe

4

proceed the Eighth Amendment claims for excessive force and/or failure to intervene as to all Defendants in their personal capacities.

**IT IS, THEREFORE,** on this \_\_\_\_\_27\_\_\_\_\_ day of \_\_\_\_Au\_\_\_\_, 2019,

**ORDERED** that the Clerk of the Court shall add Corrections Officer N. Stanicki to the docket as a Defendant; and it is further

**ORDERED** that, pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Complaint is proceeded in part and dismissed in part for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the official capacity claims for damages under § 1983 are dismissed **WITH PREJUDICE** as to all Defendants; and it is further

**ORDERED** that the §1983 claims for false disciplinary charges are dismissed **WITHOUT PREJUDICE** against all Defendants; and it is further

**ORDERED** that the § 1983 claims regarding false testimony is dismissed **WITH PREJUDICE** as to Defendants Colon and DeBari; and it is further

**ORDERED** that the Eighth Amendment claims for excessive force and/or failure to intervene are proceeded against all Defendants in their personal capacities; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing the United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285

---

Plaintiff to allege a separate failure to protect claim, and such a claim, if construed by the Court, would be dismissed without prejudice for failure to state a claim for relief.

5

Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[4]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[5] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

Madeline Cox Arleo, District Judge
United States District Court

---

[4] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.